CITY OF NEW YORK, Appellant, v STATE OF NEW YORK, Respondent.

First Department, August 13, 1981

### APPEARANCES OF COUNSEL

*Jerome C. Gilman* of counsel *(Leonard Olarsch* with him on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellant.

*Dennis Hurley* of counsel *(Jeremiah Jochnowitz, Assistant Solicitor General,* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for respondent.

### OPINION OF THE COURT

FEIN, J.

In 1967, under authority of former subdivision 5 of section 340-b and former subdivision 3.3 of section 349-c of the Highway Law, claimant (City) acquired certain Staten Island property on behalf of the State by condemnation for the purpose of widening the West Shore Expressway

as part of the Federally aided interstate highway system. Vouchers for reimbursement were submitted to the State Department of Transportation on July 29, 1971, which submissions were revised on December 1 of that year. The revised submission reflected segregated requests for reimbursement in the amount of (a) $1,868,586.33, constituting the principal sum expended plus interest paid up to one year following the date of title vesting, and (b) $73,138.83, representing interest accrued and paid to the property owners thereafter until the date of final payment. On March 27, 1972 the City filed its claim for these two amounts against the State in the Court of Claims. The State subsequently paid the first voucher while the claim was pending. The second remains in dispute.

Under subdivision 4 of section 10 of the Court of Claims Act a claimant has six months from the accrual of a claim to file the claim. Such a claim does not accrue until the claimant possesses the legal right to be paid and to enforce its right to payment in court (City of New York v State of New York, 40 NY2d 659, 668). The State urges that such a right does not arise until appropriate governmental action is taken on the claim, here an audit by the State Comptroller. A rejection by the Attorney-General (as was done here by letter dated December 22, 1971) or by some other State governmental official was held by the Court of Appeals to be insufficient.

In City of New York v State of New York (supra) the Court of Appeals recounted the history of the relationship between the parties herein with respect to these condemnation reimbursement claims. For years the City regularly submitted separate vouchers for reimbursement of principal plus "first-year" interest, and for "post-first-year" interest, as here, and just as routinely the State ignored the post-first-year claims, neither auditing nor formally rejecting them. Finally, the City decided to take the initiative and force the issue by sending the State Comptroller a letter setting a 60-day limit beyond which the City would consider these heretofore ignored post-first-year claims constructively rejected.

In City of New York v State of New York (61 Misc 2d 517, 536) the Court of Claims rejected this procedure, rul-

ing that the date fixed by the City's letter was arbitrarily selected. The claims were held time barred. The court ruled that 60 days after filing the request for payment was a reasonable time for the State's audit and that the statutory six months' limitation on the time for filing a claim then began to run. Since the claims had been filed beyond that date, they were held time barred. The Appellate Division affirmed (49 AD2d 644), but the Court of Appeals reversed (40 NY2d 659), ruling that the six months' limitation on filing a claim with the Court of Claims would run from the date of constructive rejection of the voucher, unless actually rejected sooner. The court observed that actual rejection could only come about upon the State Comptroller's audit and not by opinion of the Attorney-General (40 NY2d, at p 668), as here. Since, as here, the Comptroller might never audit the voucher, thus casting the City's claim in limbo, the six month period should be deemed to run from the constructive rejection of the claim. The Court of Appeals approved the City's procedure of a 60-day letter in that case to establish a constructive rejection and thus held the claims not time barred. However, the court did not mandate a 60-day letter, as the State now claims and the Court of Claims ruled herein in rejecting as premature the claims *sub judice.*

The Court of Appeals was dealing with timeliness, not prematurity, as appears from its opinion (40 NY2d, at p 670) : "Given all of these facts, the Court of Claims' dismissal for untimeliness, based as it was on its opinion that a failure to audit within two months after the submission of the vouchers was the equivalent of rejection, was unrealistic and cannot be permitted to stand."

The court allowed all of the claims to stand including those as to which the 60-day notice had been sent (Claim No. 47847) and those filed with the Court of Claims "less than five months after the vouchers had been filed" (40 NY2d, at p 665), although there had been no Comptroller's audit and no 60-day letter (Claim No. 52436). Here the City never wrote a 60-day letter to the Comptroller, but instead filed its claim with the Court of Claims more than 60 days but less than six months after submission of the unanswered and disregarded voucher. This followed the procedure ap-

proved by the Court of Appeals respecting Claim No. 52436 (see *City of New York v State of New York*, 92 Misc 2d 195).

The realities of the situation are that the State, by its conduct, has constructively rejected this claim, notwithstanding the absence of the 60-day letter. (This is actually the last of 19 similar claims, all of which the State has treated—or, more accurately, has ignored—in the same manner.) The statute does not require such a letter. Nor did the Court of Appeals impose such a requirement (*City of New York v State of New York*, 40 NY2d 659, *supra)* in approving the City's initiative to satisfy its claims against a stonewalling State.

Since the amount involved appears not to be in dispute, the City is entitled to summary judgment and we so direct.

The order of the Court of Claims (AMANN, J.), entered March 10, 1980, denying claimant's motion for summary judgment and dismissing the claim without prejudice to renewal, should be reversed on the law, without costs and without disbursements, and claimant's motion for summary judgment should be granted.

SANDLER, J. P., CARRO, and BLOOM, JJ., concur.

Order, Court of Claims, New York County, entered on or about March 10, 1980, reversed, on the law, and the claimant's motion for summary judgment granted, without costs and without disbursements.

[See 83 AD2d 361;—AD2d—.]